UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KWANG-CHUNG HOU, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:04CV603 HEA |
| ) | |
| METROPOLITAN GROUP PROPERTY ) | |
| and CASUALTY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on defendant's Amended Motion for Summary Judgment, [Doc. # 13]. The parties have submitted their respective briefs in support and in opposition thereto and the issues are now ripe for decision. For the reasons enumerated below, the Motion is granted in part and denied in part.

### Facts and Background

On April 29, 2003, plaintiff Kwang-Chung Hou was injured as a result of an automobile accident. Hou has incurred medical expenses in excess of $400,000. The driver of the automobile that injured Hou, Robert Liebschutz, had an automobile liability insurance policy with a limit of $100,000. Liebschutz's insurer paid the full policy limits and obtained a release executed by both Kwang-Chung Hou and Ming-Jen Hou.

Plaintiffs made claims under their own automobile insurance policy issued by defendant. Kwang-Chung Hou claimed damages for bodily injury and Ming-Jen Hou claimed loss of consortium. Defendant has previously paid $200,000 under its policy, which has a $300,000 limit on Underinsured Motorist coverage. Defendant claims that this limit is subject to a reduction, and that no separate coverage exists for Ming-Jen Hou's loss of consortium claim. Defendant now moves for summary judgment based on these arguments.

## **Summary Judgment Standard**

The standards for summary judgment are well settled. Summary judgment is appropriate when there exists no genuine issue as to any material fact. *Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Krenik v. Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of

summary judgment.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

## Discussion

In interpreting the policy at issue, the Court must adhere to certain rules. "Rules governing the interpretation of insurance policies are well settled." *Shahan v. Shahan,* 988 S.W.2d 529, 535 (Mo. 1999) (en banc). In interpreting an insurance contract, courts "read the contract as a whole and determine the intent of the parties, giving effect to that intent by enforcing the contract as written." *Mo. Employers Mut. Ins. Co. v. Nichols*, 149 S.W.3d 617, 625 (Mo.App. 2004). See also, *Kearney v. Kinder*, 972 S.W.2d 575, 578 (Mo.App. 1998). Language used in an insurance contract is given its plain and ordinary meaning. *Id.; Farmland Indus. Inc. v. Republic Ins. Co.,* 941 S.W.2d 505, 508 (Mo. 1997). (en banc). Plain or ordinary

meaning is the meaning that the average layperson would understand, as determined by consulting standard English language dictionaries. *Shahan,* 988 S.W.2d at 535. Where insurance contracts are written in plain and unambiguous terms, the court must enforce the policy according to those terms, *Rice v. Fire Ins. Exch.,* 946 S.W.2d 40, 42 (Mo.App. 1997), and rules of construction are inapplicable. *Mansion Hills Condo. Ass'n v. Am. Family Mut. Ins. Co.,* 62 S.W.3d 633, 637 (Mo.App. 2001). The Court may not distort unambiguous policy language to create an ambiguity. *Am. Motorists Ins. Co. v. Moore,* 970 S.W.2d 876, 878 (Mo.App. 1998) (citing *Krombach v. Mayflower Ins. Co.,* 827 S.W.2d 208, 210 (Mo. 1992) (en banc)). Nor may a court "use its inventive powers to ... rewrite a policy to provide coverage for which the parties never contracted, absent a statute or public policy requiring coverage." *Lang v. Nationwide Mut. Fire Ins. Co.,* 970 S.W.2d 828, 830 (Mo.App. 1998) (citing *Rodriguez v. Gen. Accident Ins. Co.,* 808 S.W.2d 379, 382 (Mo. 1991) (en banc)). The determination of whether an insurance contract is ambiguous is a question of law. *Kearney*, 972 S.W.2d at 578. Any ambiguity in an insurance contract is construed against the insurer. *Killpack v. Farm Bureau Town and Country Ins. Co.*, 861 S.W.2d 608, 609 (Mo.App. 1993).

**Set Off**

Defendant argues that it is entitled to a set-off of the amount recovered from the tortfeasor, Liebschutz. This argument is based on a policy provision which provides:

**REDUCTIONS**

The lesser of the limits of this insurance or the amount payable under this coverage will be reduced by any amount:

1. paid by or on behalf of any liable parties...
2. paid or payable under the **AUTOMOBILE LIABILITY** section of this policy.

There is no ambiguity with respect to this provision. This provision clearly states that any recovery under the underinsured motorist coverage of the policy must be reduced by the amount paid by or on behalf of the liable party, *i.e.*, Liebschutz. See, *Rodriguez,* 808 S.W.2d at 382; *Lang*, 970 S.W.2d at 832-33; see also, *Wibbenmeyer v. American Family Mut. Ins. Co*., 946 F.2d 569 (1991).

Plaintiffs attempt to avoid application of the set-off by arguing that *Lang* is distinguishable from the instant case. Plaintiffs contend that because the *Lang* policy included separate endorsements, and the policy before the Court "lumps" the uninsured and underinsured coverage together, an ambiguity exists. Plaintiffs' reasoning is rankly flawed, however, because defendant's policy sets forth the

underinsured and uninsured coverages separately,[1] thereby eliminating any ambiguity

plaintiffs attempt to create. Plaintiff's strained reading of *Lang* will not give rise to

---

[1] The policy sets forth Uninsured and under insured motorist coverage as follows:

**UNINSURED MOTORIST COVERAGE**

This coverage is provided only if a premium is shown in the Declarations.

**We** will pay damages for **bodily injury** sustained by:

1. **you** or a **relative**, caused an accident arising out of the ownership, maintenance, or use of an **uninsured motor vehicle**, which **you** or a **relative** are legally entitled to collect from the owner or driver of an **uninsured motor vehicle**; or

2. any other person, cause by an accident while **occupying a covered automobile**, who is legally entitled to collect form the owner or driver of an **uninsured motor vehicle**.

**We** will also pay damages to any person for damages that person is entitled to recover because of **bodily injury** sustained by anyone described in 1. or 2. above.

**UNDER INSURED MOTORISTS COVERAGE**

This coverage is provided only if a premium is shown in the Declarations.

**We** will pay damages for **bodily injury** sustained by:

1. **you** or a **relative**, caused an accident arising out of the ownership, maintenance, or use of an **underinsured motor vehicle**, which **you** or a **relative** are legally entitled to collect from the owner or driver of an **underinsured motor vehicle**; or

2. any other person, cause by an accident while **occupying a covered automobile**, who is legally entitled to collect form the owner or driver of an **underinsured motor vehicle**.

**We** will also pay damages to any person for damages that person is entitled to recover because of **bodily injury** sustained by anyone described in 1. or 2. above.

an ambiguity in the policy. Nowhere in *Lang* does the court require a separate endorsement in a policy in order to avoid "lumping" of coverage, rather, it is sufficient for the policy to set forth the different coverages separately in the policy. Defendant's policy clearly distinguishes between underinsured and uninsured coverage. The issue of "lumping" is therefore not relevant. Because Liebschutz had insurance coverage, *albeit* insufficient to cover all damages, the underinsured provisions of the policy are applicable and the uninsured motorist coverage is inapplicable. Because the policy provides for a reduction of the amount received by or on behalf of the liable party, the recovery from Liebschutz's policy must be deducted from the amount of underinsured coverage provided to plaintiffs.

**Loss of Consortium Claim**

Defendant claims that it is entitled to summary judgment on Ming-Jen's claim for the loss of society, consortium, companionship, love, affection, support and care of her spouse, Kwang-Chung. Defendant takes the position that its policy clearly and unambiguously limits it liability to a single "per-person" limit of $300,000[2] of underinsured coverage, rather than $300,000 for each of the plaintiffs.

Defendant's attempt to argue that Ming-Jen's claim is not a separate claim is

---

[2] This amount, as previously discussed is to be reduced under the policy by the $100,000 received from the tortfeasor's insurance. For ease of discussion, the Court will address this issue in terms of the "per-person" amount without further reference to the reduction.

without merit. While admittedly a spouse's claim for loss of services and consortium is derivative of the injured spouse's claim, it remains a separate and distinct claim. See *Wright v. Barr,* 62 S.W.3d 509 (Mo.App.2001).

In *Wright,* a plaintiff and her husband brought a medical malpractice action and loss of consortium claim. The jury returned a verdict in favor of plaintiffs on both claims. On appeal, the defendants claimed that because the loss of consortium claim of the husband was derivative, both plaintiff and her husband constituted one plaintiff under section 538.210 for purposes of the noneconomic damages cap. *Id.* at 536. The court in *Wright* found that although the loss of consortium claim was derivative, a spouse is not automatically entitled to damages for such a claim, and loss of consortium is a separate personal injury claim. *Id.* at 537. The court concluded that "the nature of [husband's] claim as a derivative of [plaintiff's] claim does not require that the awards of noneconomic damages to each be considered as a whole under [section] 538.210. The statutory cap applies separately to the two separate claims because the plain statutory language dictates that the cap applies per plaintiff." *Id.* at 538. See also, *LaRose v. Washington University* 154 S.W.3d 365, 372 -373 (Mo.App. 2004). Both plaintiffs, therefore, have separate claims for separate damages.

Defendant also argues that its "Limit of Liability" provision precludes

recovery by both plaintiffs of the maximum "per person" limit.

This provision reads, in relevant part,:

> The maximum amount **we** will pay for each person for all damages arising out of bodily injury resulting from any one accident is the sum of the per person limits shown in the declarations for each vehicle. Subject to this limit for each person, the maximum amount **we** will pay for all damages resulting from any one accident is the sum of the per accident limits shown in the Declarations for each vehicle.

Missouri courts have, on several occasions, construed provisions similar to the above quoted limitation, although no case has addressed an identical provision.[3] In *Cano v. Travelers Insurance Co.*, 656 S.W.2d 266, 271 (Mo. banc 1983), the Missouri Supreme Court held that a policy which limited liability to a total of $10,000 for "all damages because of bodily injury sustained by any one person as a result of any one accident" to be ambiguous because "sustained" could be read as modifying either "damages" or "bodily injuries." Cases subsequent to *Cano* have therefore analyzed the clauses in terms of this analysis. See *Spaete v. Auto Club*

---

[3] In a number of cases in which the Missouri Courts have been required to analyze this type of provision, the limitation specifically encompassed both the bodily injuries and derivative claims, thereby obviating the need to ascertain whether derivative claims fall within a single "per person" limit. See, *e.g.,, Kearney*, 972 S.W.2d at 579; Killpack, 861 S.W.2d at 613; *Columbia Mut. Ins. Co. v. Morris*, 887 S.W.2d 675 (Mo.App. 1994); *State Farm Mut. Auto. Ins. Co. v. Chambers*, 860 S.W.2d 19 (Mo.App. 1993); *Fildes v. State Farm Ins. Co.*, 873 S.W.2d 883 (Mo.App. 1994); *Eaves v. Boswell*, 852 S.W.2d 353 (Mo.App. 1993); *Remspecher v. Jacobi*, 941 S.W.2d 701 (Mo.App. 1997).
Some of the policies have also included further exclusionary language, such as the "household exclusions" or "family member" exclusions. See *Kearney*, 972 S.W.2d at 579, *White v. Illinois Founders Ins. Co.*, 52 S.W.3d 597 (Mo.App. 2001).

*Inter-Ins. Exchange*, 736 S.W.2d 480 (Mo.App. 1987); *Lair v. American Family Ins.* Co., 789 S.W.2d 30 (Mo banc 1990); (no ambiguity in policy providing Ward *v. American Family Ins.* Co., 783 S.W.2d 921 (Mo.App. 1990)(no ambiguity in policy limitation defining limits as "[t]he limit for 'each person" is the maximum for bodily injury sustained by any person in any one accident")[4] *; Anderson v. St. Paul Mercury Ins.* Co., 792 S.W.2d 440 (Mo.App. 1990)(ambiguity found); *Oliver v. Cameron Mut. Ins. Co.*, 866 S.W.2d 865 (Mo.App. 1994)(ambiguity exists because it cannot be determined whether the intended antecedent is "damages" or "bodily injury"); *American Family Mut. Ins. Co. v. Gardner*, 957 S.W.2d 367 (1998)(no ambiguity).

Defendant urges the Court to find that this limitation bars recovery for Ming-Jen Hou's damages based on the holding of *Gardner*. Defendant argues that the language found in this case is most similar to the limitation found in *Gardner*, and because the *Gardner* Court found no ambiguity, this Court should also find that the policy limitation is unambiguous.

In *Gardner*, the policy language provided:

---

[4] It should be noted, however, that the *Ward* policy also contained the further explanation that "[w]e will pay no more than the maximums no matter how many insured persons, claims, claimants, or vehicles are involved in the accident." *Ward*, 783 S.W.2d at 924-25. The *Ward* Court also recognized that the limitation clauses drafted by defendant could have been more clearly drafted. *Id*., at 925.

LIMITS OF LIABILITY
The limit of liability shown in the declarations apply, subject to the following:
1. The bodily injury limit for "each person" is the maximum for all damages sustained by all persons as the result of bodily injury to one person in any occurrence.
2. Subject to the bodily injury liability limit for "each person", the bodily injury liability limit for "each occurrence" is the maximum for bodily injury sustained by two or more persons in any one occurrence.

While this provision is similar, the *Gardner* policy differs in that it did not contain the additional language set forth in defendant's policy regarding derivative claims. In defining coverage for underinsured motorists, defendants policy sets forth the coverage as follows:

### UNDER INSURED MOTORISTS COVERAGE

This coverage is provided only if a premium is shown in the Declarations.

**We** will pay damages for **bodily injury** sustained by:

1. **you** or a **relative**, caused an accident arising out of the ownership, maintenance, or use of an **underinsured motor vehicle**, which **you** or a **relative** are legally entitled to collect from the owner or driver of an **underinsured motor vehicle**; or

2. any other person, cause by an accident while **occupying a covered automobile**, who is legally entitled to collect form the owner or driver of an **underinsured motor vehicle**.

**We** will also pay damages to any person for damages that person is entitled to recover because of **bodily injury** sustained by anyone described in 1. or 2. above.
    The policy specifically sets forth that coverage is provided for "bodily injury"

sustained by the insured and other persons in numbered paragraphs.  The policy separately sets forth that defendant will "also" pay for damages a person is entitled to recover because of bodily injury sustained by anyone described in the numbered paragraphs, *i.e.*, loss of services, society, consortium.  The limit of liability specifically sets out that the limit is for all "all damages arising out of **bodily injury**. . ."  It cannot be ascertained, when reading the policy as a whole, whether the limits of liability apply only to "bodily injury" as defined in numbered paragraphs 1. and 2. of the underinsured motorists coverage, but not to "damages" which are not "bodily injuries" but rather are damages that the person is entitled to recover because of the insured's "bodily injuries."

In agreeing that "damages" to any person entitled to damages would also be paid, it appears that the parties intended to provide separate coverage for the separate and distinct "non-bodily injuries" damages.  Although defendant argues that this provision merely <u>allows</u> for a separate claim, but still subjects the parties to a single per person limit, such interpretation is not readily ascertainable from the structure and wording of this provision.  Were this the intent, the policy could have easily avoided the ambiguity by specifically so stating that these damages are also subject to the limitation of liability.  Because of this ambiguity, which must construed against the insurer and in favor of the insured, plaintiffs are entitled to a separate per

person limit for Ming-Jen's damages.

## **Conclusion**

Defendant is entitled to summary judgment with respect to Kwang-Chung Hou's claim. Having been paid $200,000, which reflects the policy reduction of the $100,000 received from the tortfeasor's insurance, plaintiff has received the amount to which he is entitled under his underinsured motorist coverage.

Summary judgment is not proper with respect to Ming-Jen Hou's separate claim for damages for loss of society, consortium, companionship, love, affection, support and care of her spouse.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion for Summary Judgment, [Doc. # 13], is granted in part and denied in part.

Dated this 29th day of September, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE